# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### Abingdon Division

UNITED STATES OF AMERICA

v.

JORGE GARCIA and
HILARIO GARCIA,
    Defendants

**REPORT AND**
**RECOMMENDATION**
Case Number:
1:08cr00056

    This matter is before the undersigned on the defendants' Joint Motion To Suppress Evidence, (Docket Item No. 28) ("Motion"). The court heard the Motion on January 27, 2009. Based on the evidence presented, the arguments and representations of counsel and for the reasons set forth below, I recommend that the court deny the Motion.

*I. Facts*

    The relevant facts in this case are not in dispute. Jorge Garcia and Hilario Garcia, Spanish-speaking Mexican citizens, were arrested in the Western District of Virginia on November 4, 2008, and charged in this court with conspiracy and possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Jorge Garcia also was charged with violating 18 U.S.C. § 924(c) by possessing a firearm in furtherance of a drug trafficking crime.

    Subsequent to their arrests on November 4, the defendants were taken into

-1-

custody and detained at the Southwest Virginia Regional Jail in Abingdon. Drug Enforcement Administration, ("DEA"), Special Agent Brian Snedecker, who was not present when the defendants were arrested, questioned the defendants some time later that day while they were in custody at the jail. Snedecker testified that he interviewed the defendants separately. Snedecker stated that the interviews were conducted in Spanish. Snedecker testified that, before questioning, he advised each of the defendants of their *Miranda* rights in Spanish. Snedecker stated that DEA Task Force Officer Mike Baker was present for both interviews.

In particular, Snedecker stated that he read a DEA-13 card, a card provided by the DEA which contains the *Miranda* rights written in Spanish, to each defendant before interviewing each in Spanish. Snedecker stated that he told each defendant in Spanish that he had the right to remain silent, that anything he said could be used against him, that he had the right to consult with an attorney and have an attorney present with him during the interview and that if he could not afford to hire an attorney, one would be provided for him free of charge. Snedecker stated that, after advising each defendant of these rights, he asked each defendant if he understood his rights to which each defendant answered, "si" or "yes" in Spanish. Snedecker stated that he then asked each defendant if he would agree to answer some questions to which each defendant answered, "si" or "yes" in Spanish.

Snedecker stated that neither defendant requested to consult with an attorney. Snedecker also stated that neither defendant refused to answer his questions. Snedecker stated that he spoke to Jorge Garcia for a total of five to 10 minutes. He stated that he spoke to Hilario Garcia for no more than five minutes. Snedecker stated

-2-

that he believes that the defendants were restrained in handcuffs when he spoke with them. He also stated that no threats were made toward either defendant and no physical force was used on either defendant.

Snedecker, who has a Bacherlor of Arts degree in Spanish from Washington and Lee University, testified that he had no problem communicating in Spanish with the defendants. Snedecker testified that he spoke and read the Spanish language. Snedecker stated that from 1988 to 2002 he worked for the DEA in Columbia. Prior to his assignment in Columbia, Snedecker stated that he was required to prove that he was proficient in the Spanish language.

## II. Analysis

The defendants seek to suppress the statements they made to Snedecker on November 4, 2008, on the ground that the statements were made in violation of their Fifth Amendment rights. The defendants argue that the "overall circumstances" of their arrest, detention and interrogation were so coercive and disorienting that the defendants' waiver of their rights was not knowing and voluntary. Based on the facts presented, I disagree, and I recommend that the court deny the Motion.

The United States Supreme Court has held that the Fifth Amendment right against self-incrimination requires that certain warnings be given to a person before he may be interrogated while in custody. *See Dickerson v. United States*, 530 U.S. 428, 432 (2000). These so-called "*Miranda* warnings" or "*Miranda* rights" include:

> [T]hat he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.

*Miranda v. Arizona*, 384 U.S. 436, 444 (1966). The Court has further held that, if such warnings are not provided, a defendant's statements resulting from a custodial interrogation may not be used in the prosecution's case-in-chief. *See Dickerson*, 530 U.S. at 443-44. Once advised of these rights, however, a person is free to waive these rights and voluntarily submit to interrogation. Also, "waiver of the right to counsel and the right not to incriminate oneself need not be explicit, but may be inferred from all of the circumstances." *United States v. Hicks*, 748 F.2d 854, 859 (4th Cir. 1984). Furthermore, a statement given following *Miranda* warnings rarely will be deemed involuntary. *See Dickerson*, 530 U.S. at 444 (citing *Berkemer v. McCarty*, 468 U.S. 420, 433 n.20 (1984)).

In this case, the undisputed facts show that both defendants were advised of their *Miranda* rights in Spanish prior to speaking with Snedecker. The undisputed facts also show that, after being advised of their rights, each agreed to answer Snedecker's questions. Despite these facts, the defendants argue that their actions should not be construed as a voluntary waiver of their rights. The Fourth Circuit has addressed the analysis necessary when a defendant asserts that his statements should be suppressed because his waiver of his Fifth Amendment rights was not voluntary, knowing or intelligent. *See United States v. Cristobal*, 293 F.3d 134, 139-43 (4th Cir. 2002). As the Fourth Circuit pointed out, the inquiry has two distinct dimensions. *See Cristobal,* 293 F.3d at 139-40.

> ...First, the relinquishment of the right "must have been voluntary in the sense that it was the product of free and deliberate choice rather than intimidation, coercion, or deception." *Moran v. Burbine*, 475 U.S. 412, 421 ... (1986). Second, "the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the 'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived."

*Cristobal*, 293 F.3d at 139-40.

In this case, there is absolutely no evidence of any intimidating, coercive or deceptive actions by law enforcement in an attempt to force the defendants to speak with Snedecker. Furthermore, the undisputed evidence shows that the defendants were fully advised of their *Miranda* rights in Spanish. Both were asked if they understood these rights and they responded that they did. Both were asked if they wished to answer some questions and they responded that they did. The defendants did not ask to consult with an attorney and did not refuse to answer any questions or speak with Snedecker.

Based on the above, I find that the defendants were fully advised of their *Miranda* rights and that they voluntarily waived those rights and spoke with Snedecker. Therefore, I find that the defendants' statements to Snedecker on November 4, 2008, were not made in violation of their Fifth Amendment rights. For these reasons, I recommend that the court deny the Motion.

## PROPOSED FINDINGS OF FACT

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. The defendants were fully advised of their *Miranda* rights prior to being interviewed by Snedecker on November 4, 2008;

2. The defendants understood their rights and voluntarily waived their rights and spoke with Snedecker; and

3. The defendants' statements were given voluntarily and not in violation of their Fifth Amendment rights.

## RECOMMENDED DISPOSITION

The undersigned recommends that this court deny the Motion.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(c):

> Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations could waive appellate review.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED: This 2nd day of February 2009.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE