IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| Plaintiff, ) | Case No. 1:08cr00056 |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **JORGE GARCIA and** ) | |
| **HILARIO GARCIA,** ) | BY: GLEN M. WILLIAMS |
| Defendants. ) | SENIOR UNITED STATES DISTRICT JUDGE |

This case is before the court on the defendants' Joint Motion To Suppress Evidence, (Docket Item No. 28), ("Motion"), which was filed on January 16, 2009. A hearing was held on January 27, 2009, before the Honorable Pamela Meade Sargent, United States Magistrate Judge, to whom the case was referred pursuant to 28 U.S.C. § 636(b)(1)(B). On February 2, 2009, the Magistrate Judge filed a report, (Docket Item No. 32), ("the Report"), recommending that the defendants' Motion be denied. Joint objections to the Report were timely filed by the defendants on February 9, 2009, (Docket Item No. 36). Upon review of the defendants' objections, the court finds that the objections as to the circumstances of the questioning, specifically whether or not the defendants were properly advised of their *Miranda* rights, whether they understood and voluntarily waived those rights and whether they gave their statements voluntarily and not in violation of their Fifth Amendment Rights, are without merit. Thus, those particular objections are hereby **OVERRULED**, and the Magistrate Judge's Report shall be **ACCEPTED** with respect to those issues.
-1-

The court will now address the defendants' remaining objections. The defendants' argue that the Report "failed to explain the substance of the coercive action of law enforcement and the reasons why this coercive action would have been disorienting to [the] Defendants." In particular, the defendants suggest that the arrest photographs, which were attached to the Motion and admitted as exhibits at the suppression hearing, demonstrate the coercive nature of the arrest. I disagree. While the defense certainly submitted the arrest photographs into evidence as exhibits, there was absolutely no evidence presented to authenticate the photographs or to explain why the photographs were offered.

The defendants also argue that additional facts gleaned from discovery further demonstrate the coercive nature of the arrest. The defendants allege that five or more law enforcement officers arrested, handcuffed and threw the defendants to the ground, that the officers shouted loudly in English to obtain the defendants' surrender, while using firearms that were pointed at the defendants before and after they were handcuffed and on the ground, at which point photographs of the defendants were taken. Despite these allegations, the defense failed to offer any evidence of the circumstances of the arrest during the suppression hearing. The court recognizes that an affidavit of Drug Enforcement Administration, ("DEA"), Task Force Officer Michael E. Baker was admitted into evidence along with the arrest photographs. However, this affidavit does not contain any specific information relating to the nature and circumstances of the so-called coercive arrest. Instead, it simply contains information regarding the circumstances leading up to the arrest and the fact that both Jorge and Hilario Garcia were apprehended. Counsel for the defense had an opportunity at the hearing to present any evidence related to the nature and

circumstances of the arrest, but failed to do so. In fact, only two witnesses testified at the hearing. Notably, neither witness had personal knowledge of the circumstances of the arrest. The only witness called by the defense was Veronica Salfi, who was offered as an expert in the interpretation of the Spanish language.

Next, the defendants argue that the Magistrate Judge refused to qualify Salfi as an expert in the Spanish language. However, at the hearing, the Magistrate Judge found that Salfi was qualified to interpret Spanish. In fact, at one point during the hearing, the Magistrate Judge specifically intervened and asked for clarification as to what area of expertise defense counsel sought to have Salfi qualified. The Magistrate Judge suggested that defense counsel appeared to be seeking to have Salfi qualified as an expert in the translation of Spanish to English and vice versa, at which point defense counsel agreed that was the qualification he sought. Shortly thereafter, defense counsel attempted to ask Salfi questions as to whether possible ambiguities between the Spanish and English languages could have arisen for a Spanish-speaking person considering how Special Agent Brian Snedecker interpreted the DEA-13 card. At this point, counsel for the Government objected, arguing that any answer would fall outside the witness's expertise. The Government further stated that there had been no foundation laid regarding what ambiguities would apply to a Spanish speaker, noting that Salfi was not qualified to offer such an opinion, as it would amount to pure speculation. The Magistrate Judge stated that she was *inclined* to sustain the Government's objection because the question fell outside the area of expertise for which the witness was offered. However, the court did not make a ruling on this issue. The Magistrate Judge plainly stated that she would be glad to hear evidence if defense counsel wished to qualify Salfi in another area of expertise, i.e. possibly as

-3-

Case 1:08-cr-00056-GMW-PMS    Document 37    Filed 02/13/09    Page 3 of 5    Pageid#: 94

an expert in the ambiguities and/or cultural differences between the Spanish and English languages.

Defense counsel then requested a brief recess, which was granted by the court. The Magistrate Judge instructed defense counsel that, during the recess, he would be permitted to confer with the witness only as to issues regarding the witness's qualifications in other areas of expertise. Following the recess, defense counsel did not attempt to further qualify the witness. Instead, he merely posed four additional questions. In response to the questions, Salfi testified that she would interpret the word "si" in Spanish to mean "yes" under circumstances where a person was asked if he waived his rights or following an inquiry of whether someone acknowledged hearing a statement.

The defendants now argue that the Magistrate Judge refused to allow Salfi to testify as to the ambiguities a Spanish-speaking person may encounter when dealing with the English language. This argument is without merit. As discussed above, although the Magistrate Judge stated that she was *inclined* to sustain the Government's objection, the court did not actually rule on the objection. Moreover, the Magistrate Judge invited defense counsel to offer evidence to further qualify the witness, but defense counsel failed to do so. By failing to proceed, defense counsel essentially abandoned his argument. As such, the defendants cannot now challenge a ruling that was never made.

Accordingly, upon review of the objections to the Report, the objections are hereby **OVERRULED,** and the Magistrate Judge's Report shall be **ACCEPTED.**

For the reasons detailed in the Magistrate Judge's Report and in this Order, the defendants' Motion is hereby **DENIED**. The Clerk is directed to enter this Order and send certified copies to all counsel of record.

**ENTERED:** This 13th day of February 2009.

/s/ Glen M. Williams
**SENIOR UNITED STATES DISTRICT JUDGE**